UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Ebony Holmes, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case No. 1:23-cv-1277 |
| | § |
| Portfolio Recovery Associates, LLC; and | § |
| TransUnion, LLC, | § |
| | § |
| Defendants. | § |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq, whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit reports, damaging Plaintiff.

### PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Monroe, Indiana.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4. Defendant, Portfolio Recovery Associates, LLC ("PRA") is and at all times relevant hereto was, a collections institution regularly doing business in the State of Indiana.

5. At all times pertinent hereto, Defendant PRA was a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. PRA is a "debt collector" as defined by § 1692a(6).

7. Defendant, TransUnion, LLC ("Transunion"), is a credit reporting agency, licensed to do business in Indiana and at all times relevant hereto was, regularly doing business in the State of Indiana.

8. Transunion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Transunion furnishes such consumer reports to third parties under contract for monetary compensation.

10. At all times pertinent hereto, Defendant Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f), licensed to do business in Indiana as a Foreign Limited Liability Company.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Monroe County, Indiana and Defendants do business in Indiana.

13. Personal jurisdiction exists over Defendants as Plaintiff resides in Indiana, Defendants have the necessary minimum contacts with the state of Indiana, and this suit arises out of specific conduct with Plaintiff in Indiana.

## FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant PRA and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

15. Transunion is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Transunion has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

18. The PRA debt account in question arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

19. PRA acquired the debt after it was allegedly in default.

20. PRA uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. PRA regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due.

22. On or around April 2023, Plaintiff discovered Defendant PRA was erroneously reporting an PRA account ("Account") as having a past due balance on Plaintiff's Transunion consumer reports.

23. Plaintiff included the Account in Plaintiff's Chapter 7 Bankruptcy.

24. The Account was discharged through Plaintiff's Bankruptcy.

25. Once the Account was discharged through Plaintiff's bankruptcy, Plaintiff's

financial obligation for the Account was terminated.

26. Because there is no financial obligation owed by Plaintiff on the Account, it is inaccurate and misleading for the Account to report a balance past due on Plaintiff's consumer credit reports.

27. The false information regarding the PRA Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

28. On or about April 2023, Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the PRA Account reporting on Plaintiff's Transunion consumer report.

29. Upon information and belief, Transunion forwarded Plaintiff's Transunion Dispute to Defendant PRA.

30. Upon information and belief, PRA received notification of Plaintiff's Dispute Letter from Transunion.

31. Upon information and belief, PRA verified the erroneous information associated with the Account to Transunion.

32. PRA did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the PRA Account.

33. Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the PRA Account.

34. Upon information and belief, PRA failed to instruct Transunion to remove the false information regarding the PRA Account reporting on Plaintiff's consumer reports.

35. Transunion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letter.

36. At no point after receiving the Dispute Letter did PRA and or Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letter.

37. Transunion relied on their own judgment and the information provided to them by PRA, rather than grant credence to the information provided by Plaintiff.

### COUNT I – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the PRA Account reporting on Plaintiff's Transunion consumer report.

40. Defendant Transunion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Transunion published and maintained concerning Plaintiff.

41. As a result of this conduct, action, and inaction of Defendant Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. Defendant Transunion's conduct, action, and inaction was willful, rendering Defendant Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendant Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant

Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the PRA Account reporting on Plaintiff's Transunion consumer report.

47. Defendant Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

48. As a result of this conduct, action and inaction of Defendant Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Defendant Transunion's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Defendant Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – PRA

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681S-2(B))

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Dispute Letter, PRA failed to correct the false information regarding the PRA Account reporting on Plaintiff's consumer reports.

54. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant PRA's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant PRA's representations to consumer credit reporting agencies, among other unlawful conduct.

55. As a result of this conduct, action, and inaction of Defendant PRA, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendant PRA's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendant PRA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendant PRA pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT IV – PRA
### (FAIR DEBT COLLECTION PRACTICES ACT VIOLATION – 15 U.S.C. § 1692E)

59. Plaintiff realleges and reaffirms the above paragraphs as though fully set forth herein.

60. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v.*

*Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

61. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

62. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

63. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

64. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221).

65. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

66. The FDCPA creates a broad, flexible prohibition against the use of misleading,

deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

67. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

68. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

69. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

70. PRA violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debts, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants, jointly and severally, for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Trial by jury;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against PRA for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

F. Trial by jury.

G. An adjudication that PRA violated 15 U.S.C. § 1692e;

H. Plaintiff's statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

I. Plaintiff's actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

J. Plaintiff's reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 21, 2023

/s/ Joseph Panvini
Joseph Panvini, Esq.
McCarthy Law PLC
4250 N. Drinkwater Blvd. Ste. 320

        Scottsdale, AZ 85251
        Phone: 602-456-8900
        Fax: 602-218-4447
        joe.panvini@mccarthylawyer.com
        Attorney for Plaintiff